## OBERTING v. JUTTE, EXECUTOR.

[No. 12,219. Filed February 19, 1926.]

1. EXECUTORS AND ADMINISTRATORS.—*Complaint by executor charging defendant with conversion of money of the decedent held sufficient regardless of its sufficiency under §3317 Burns 1926, §2775 Burns 1914 in regard to intermeddling with estates.*—A complaint by an executor charging the defendant with the conversion of money belonging to his decedent, which had been deposited in a joint account payable to the decedent or the defendant, to enable the latter to withdraw the same for the use of the other, was sufficient on demurrer, regardless of whether it stated a cause of action under §3317 Burns 1926, §2775 Burns 1914, concerning intermeddling with estates. p. 210.

Oberting *v*. Jutte, Exr.—84 Ind. App. 208.

2. APPEAL.—*Where there is evidence supporting all material averments of complaint, a finding for plaintiff will not be disturbed.*—Where there is evidence supporting all the material allegations of the complaint, a finding for the plaintiff will not be disturbed, as an appellate tribunal will not weigh the evidence.  p. 210.

From Marion Probate Court (1,705); *Mahlon E. Bash*, Judge.

Action by Andrew Jutte, executor of the will of Caroline Jutte, against Carrie Oberting. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Adolph G. Emhart, Norman E. Patrick* and *Albert E. Schmollinger*, for appellant.

*Frank T. Brown* and *Fenton, Steers, Herbst & Klee*, for appellee.

THOMPSON, J.—Appellee brought suit against appellant, and alleged in her complaint, in substance, as follows: That appellant, without authority and without right, unlawfully took possession of $3,957.32 which belonged to Caroline Jutte, and that appellant converted said money to her own use and benefit; that said money was, at divers dates, deposited in the Railroadmen's Building and Savings Association, of Indianapolis; that appellee's decedent, Caroline Jutte, was about eighty-two or eighty-three years of age and could not read or write; that said money was deposited in a joint account payable to the order of said Caroline Jutte or Carrie Oberting before or after the death of either; that it was made so payable because of the incapacity of said Caroline Jutte, and in order that Carrie Oberting might withdraw the same for the use of Caroline Jutte; that appellee had made a demand of appellant before the commencement of this action; that exhibit "A" filed as a part of said complaint is as follows:

VOL. 84—14

"Carrie Oberting

to estate of Caroline Jutte, Dr.

To amounts of money belonging to Caroline Jutte and her estate converted to use of Carrie Oberting:

| | |
|---|---|
| October 1, 1921 | $640.20 |
| October 4, 1922 | 1,296.62 |
| August 25, 1923 | 2,020.50 |
| | $3,957.32" |

Appellant filed a demurrer to the complaint, which was overruled, and appellant excepted. Appellant then filed answer of general denial. There was a trial by the court and judgment for appellee in the sum of $2,222.55 and costs. Appellant filed a motion for a new trial, which was overruled, and appellant excepted.

Appellant assigns as error the overruling of the demurrer to the complaint and the overruling of the motion for a new trial.

Appellant insists that it was error for the court to overrule the demurrer to the complaint, and earnestly contends that the complaint is to recover for intermeddling in an estate as contemplated in §3417 Burns 1926, §2775 Burns 1914. We do not think so. The complaint, as we construe it, is an action to recover on an account belonging to the estate, which the executor had a legal right to bring and which it was his duty to bring.

The errors assigned in the motion for a new trial are: First, the decision of the court is not sustained by sufficient evidence; second, the decision of the court is contrary to law. A number of witnesses testified on each side in this case, and after carefully considering all the evidence, we feel that there is evidence to sustain each material allegation of the complaint, and where there is such evidence this court will not disturb the judgment.

The court did not err in overruling the motion for a new trial.

Judgment affirmed.